Barbara P. COURNOYER

v.

Raymond P. COURNOYER.

No. 93–90–Appeal.

Supreme Court of Rhode Island.

Oct. 28, 1994.

Colleen Crudele and Steven N. Ortoleva, Ortoleva & Crudele, North Providence, for plaintiff.

Lauren E. Jones, Jones Associates, Providence and George F. McDonald, McDonald,

Ferdinandi & Mastrati, Cranston, for defendant.

## OPINION

PER CURIAM.

This case came before a hearing panel of the court for oral argument pursuant to an order that had directed both parties to appear and show cause why this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided.

The defendant, Raymond P. Cournoyer, appeals from an order entered in the Family Court requiring him to pay additional college expenses for one of his children, who had attained the age of majority prior to incurring such expenses. He also appeals from that portion of the order that found him in willful contempt for failure to pay a mortgage on a home purchased by his former wife, Barbara P. Cournoyer, after he had paid the sum of $41,000 toward said mortgage. He also challenges the award of counsel fees in favor of his former wife in the amount of $24,000.

We conclude as a matter of law that pursuant to our holding in *Adam v. Adam,* 624 A.2d 1093 (R.I.1993), the property-settlement agreement in this case, having been merged in the final judgment, the court was without power to enforce the payment of a child's educational expenses after the age of majority. Under such circumstances, the court's ability to compel the defendant is limited by its statutory power. *Id.* at 1098.

In respect to the mortgage obligation, we are of the opinion that defendant was not in willful contempt, since his obligation to pay to discharge the mortgage on the second home in excess of $41,000 was a legitimate subject for determination by the court without the in terrorem aspect of contempt. The defendant has, in accordance with the court's order, paid additional sums in respect to this mortgage and apparently has an open-ended obligation to pay an undetermined amount in

respect to this second home and the mortgage thereon.

■ The award of counsel fees was made without an analysis of the ability of each party to pay counsel fees and was in part based upon the erroneous assumption that the defendant was obligated to pay further educational expenses beyond the age of majority of his daughter and that he was in willful contempt for having failed to pay sums toward the new mortgage in excess of $41,000.

Consequently the defendant's appeal is sustained, the order requiring the defendant to pay additional educational expenses for his daughter is reversed. The order finding him in willful contempt for failure to pay further mortgage payments is reversed. The case is remanded to the Family Court for consideration of the future amounts which the defendant should be required to pay in respect to the mortgage on the second home and for a recalculation or determination in respect to counsel fees not inconsistent with this opinion.

MURRAY, J., did not participate.